IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DENNIS L. ARRINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16-00513-CV-RK |
| | ) |
| CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security, | ) ) ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

Before the Court is Plaintiff's appeal seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("Commissioner") denying supplemental security income and disability insurance benefits. The decision of the Commissioner is **AFFIRMED.**

### Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [Commissioner's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account evidence that both supports and detracts from the Administrative Law Judge's ("ALJ") findings. *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (quotation marks omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, however for consistency purposes, the case style in this legal action remains as originally filed.

(8th Cir. 2014) (quoting *Davis*, 239 F.3d at 966). The Court does not re-weigh the evidence presented to the ALJ. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court should "defer heavily to the findings and conclusions of the [Commissioner]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined that Plaintiff suffers from the following severe impairments: diabetes mellitus; history of coronary artery disease (with placement of implantable cardiac defibrillator); osteoarthritis of multiple joints; obstructive sleep apnea; and obesity. The ALJ next found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that, despite his limitations, Plaintiff retained the residual functional capacity ("RFC") to perform a range of medium work. Although the ALJ found Plaintiff unable to perform any past relevant work, the ALJ found two jobs that exist in significant numbers in the national economy that Plaintiff can perform: night cleaner and machine packager. The ALJ therefore determined Plaintiff was not disabled.

Upon review, the Court finds the ALJ's decision should be affirmed for the reasons set forth in the Government's brief. Plaintiff alleges errors relating to, *inter alia*, (1) the ALJ's credibility assessment, (2) and the ALJ's RFC determination.

In connection with the ALJ's credibility assessment, Plaintiff contends that the ALJ improperly relied on Plaintiff's noncompliance with prescribed treatment, and that the ALJ improperly considered Plaintiff's activities of daily living. Here, the ALJ discussed the lack of objective medical evidence to support the degree of Plaintiff's subjective complaints, Plaintiff's noncompliance, and Plaintiff's reports of daily activities to weigh the credibility of Plaintiff's subjective complaints. *See Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) (citation omitted) ("A failure to follow a recommended course of treatment also weighs against a claimant's credibility."). The Court finds that in assessing Plaintiff's credibility, the ALJ set forth specific reasons for the weight given to Plaintiff's subject complaints, reflects consideration

of the appropriate factors, and is supported by substantial evidence.[2] *See* 20 C.F.R. §§ 404.1529(c) and 416.929(c).

Regarding the ALJ's RFC determination, Plaintiff argues the ALJ failed to sufficiently consider Plaintiff's obesity. In support of his argument, Plaintiff relies on *Dameron v. Astrue*, 2009 WL 1912520 (W.D. Mo. July 1, 2009), in which this Court reversed and remanded the ALJ's decision with an instruction to follow SSR 02-1p. Shortly after *Dameron* was decided, however, the Eighth Circuit reviewed an ALJ's decision involving the severe impairment of obesity and held that "when an ALJ references the claimant's obesity during the claim evaluation process, such review may be sufficient to avoid reversal." *Heino v. Astrue*, 578 F.3d 873, 881 (8th Cir. 2009) (citation omitted) (Commissioner's decision upheld where the record indicated that the ALJ specifically considered the plaintiff's obesity); *see also Lee v. Colvin*, No. 13–0722–CV–W–REL–SSA, 2015 WL 181714, *20 (W.D. Mo. Jan. 15, 2015) (no reversal in part because plaintiff "fails to suggest any further restrictions that should have been assessed as a result of her obesity"). The Court finds no error in the ALJ's analysis.

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that the ALJ's decision complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.

## Conclusion

IT IS THEREFORE, ORDERED that the decision of the Commissioner is **AFFIRMED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: September 27, 2017

---

[2] Also related to this argument, Plaintiff's suggestion that the ALJ should have inquired into the circumstances surrounding Plaintiff's noncompliance pursuant to 20 C.F.R. § 404.1530 and Social Security Ruling ("SSR") 16-3p. This is not a case where the plaintiff was found not disabled due to a failure to follow his prescribed course of treatment. *See Burnside v. Apfel*, 223 F.3d 840, 843-44 (8th Cir. 2000) ("[B]efore a claimant is denied benefits because of a failure to follow a prescribed course of treatment an inquiry must be conducted into the circumstances surrounding the failure[.]"). Therefore, Plaintiff's argument is misplaced. Additionally, the Court notes that SSR 16-3p did not come into effect until after the ALJ's decision, however, the Court does not need to address the issue of whether SSR 16-3p applies retroactively to this case because it does not appear to have a practical effect on the outcome. *See, e.g.*, *Walls v. Berryhill*, No. 2:16 CV 17 DDN, 2017 U.S. Dist. LEXIS 35106, at *17 n.4 (E.D. Mo. Mar. 13, 2017).